Mr. Justice Scott delivered the opinion of the Court. The objection here, that there was full, adequate and complete remedy at law, is made too late, as it does not appear to have been raised or insisted upon at any time in the court below, either upon demurrer, in the answer, or otherwise at the hearing. That an attorney has a lien for his fees’ upon a judgment recovered for his client, is beyond question. This is not denied, but conceded. It is insisted, however, that, in order to create a liability against the assignee of a judgment, who has received the avails and dischai-ged it, upon the foundation of the attor-neye’s lien, previous notice to him is essential; otherwise, he would take the judgment and the avails clear of the lien. No case to sustain this position has been cited, nor is any such within our knowledge, and both principle and authority are to the contrary. The cases, cited to show notice necessary, are all cases where the attorney proceeded against the defendant in the judgment; not where he went against the assignee, as in the case at bar; and even in such cases, as some of them show distinctly, actual notice is not indispensable. (Wilkins & wife v. Balterman, 4 Barbour's Sup. Court R. p. 47). But if otherwise, that would not prove that any notice at all was necessary, when the attorney proceeded against the assignee of the judgment, who had discharged it, because the equity of the attorney, in the two cases, rests upon different foundations. As against the assignee of the judgment, his equity is in no way created, nor is it easy to conceive why it should be necessary to enhance it by notice to him, either express or implied, to say nothing of the impracticability of such a duty in general, even when he might suspect that his client designed to assign the judgment. It already exists, and adheres in, and is interwoven with his client’s legal rights, and is asserted as against the defendant under their auspices, and needs not be enhanced as against the assignee of the judgment, because being prior, it is already paramorit to his equity — the assignee’s rights being equitable only and not legal, as we have heretofore distinctly held of assigned judgments. (Clark ad. v. Moss et al., 6 Eng. R. 743. Wier Miller v. Pennington et al., ib. 748). But as to the defendent in the judgement; the case is different. Until the attorney elects to sever this identity of interest between him and his client, so asserted under the auspices of the legal,rights of the client—as by giving notice tojhe defendant in the judgment—he (the defendant) has ground to presume that it continues and, on this foundation, may pay the whole of the judgment to the plaintiff or his assignee without peril; although by his knowledge of the law of the land he knows that the attorney has an equitable interest in the judgment. When, however, the attorney can charge him with notice of severance, this presumption of identity is repelled, and afterwards to pay over voluntarily the entire amount of the judgment, would be contrary to good faith, and on this foundation create a liability in equity. And whether the attorney proceeds against the defendant in the judgment after thus fixing his liability or against the assignee of the plaintiff, who has discharged the judgment either fraudu-lenty or on receiving the avials, he is regarded by a court of equity as himself an assignee of the judgment to the extent of his lien, (Wilkins v. Balterman, 4 Barbour's Sup. Ct. R. 47, and cases therein cited,) and is afforded relief in the one case by considering the payment made by the defendant in his own wrong and nugatory to the extent of the attorney’s lien, and in the other case, by decreeing against the assignee the sum received by him to the attorney’s use, or to which he was entitled, all such liens as well as rights of assignees having been originally protected and enforceable in equity only, although subsequently adopted at law. Nor is the attorney’s equity in this case cut off under the doctrine of the case of Murry v. Lilburn, (2 John. Ch. R. 443,) upon the ground that it was a latent equity residing in a third person either within the rule of that case or of any sound rule. Because —without giving sanction to or repudiating the doctrine of that case, it being totally unnecessary for us to do either — in no sense can such an equity be said by the assignee of the judgment to be hidden, secret or concealed when it stands out in bold relief upon the record — as much so as our statute lien upon lands does —not only giving him an object of inquiry — whether it has been satisfied or not — but the name of the party interested — the attorney of record — of whom to make inquiry. This being wholly different from the latent equity spoken of by chancellor Kent in the case cited, which, “with the utmost diligence” on the part of the assignee of the judgment, cannot be discovered, because “He has not any object to which he can direct his inquiries.” In the light of these views, we think the ground taken for the reversal of this decree is not maintainable, and this opinion is, to the fullest extent, sustained by the views expressed by the Supreme Court of Vermont in the case of Heartt v. Chipman et al. (2 Aiken R. p. 166,) determined by that court. And finding no error in the record, the decree must be affirmed with costs.